UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHERYL ROESCH, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:24-CV-02665-X |
| § | |
| KOREAN AIR LINES CO., LTD. § | |
| D/B/A KOREAN AIR, § | |
| § | |
| *Defendants*. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Korean Air Lines Co. Ltd.'s (Korean Air) motion to dismiss and Plaintiff Sheryl Roesch's motion for leave to amend. (Docs. 21, 24). Having carefully considered the motions, briefings, and applicable law, the Court **GRANTS** Roesch's motion for leave to amend and **DENIES** Korean Air's motion to dismiss for lack of personal jurisdiction. The Court **INSTRUCTS** the Clerk to docket Doc. 24-1 as a separate entry.

### I. Factual Background

Roesch's claim arises from her international flight with Korean Air. After purchasing her trip through a travel agency, Roesch departed from Dallas/Fort Worth Airport to Incheon International Airport in South Korea on an American Airlines–Korean Air flight. Roesch then departed from Incheon to Mactan–Cebu International Airport in the Philippines on Korean Air flight KE631, which collided with an antenna and lighting system after multiple landing attempts. Roesch claims Korean Air was negligent in "making several unsuccessful landing attempts during severe

1

weather and continuing to attempt landing in unsafe conditions and severe weather instead of diverting the flight."[1] Korean Air filed this motion to dismiss for lack of personal jurisdiction.

## II.  Legal Standard

Roesch contends that Korean Air is subject to personal jurisdiction through specific jurisdiction and Federal Rule of Civil Procedure 4(k)(2).  "A claim that arises from a treaty is a federal question.  [Roesch] asserts liability under the Montreal Convention, meaning that her claim arises under federal law."[2]  Under Rule 4(k), "*any* federal court where the claim arises under federal law" may hale a defendant into court if "(A) the defendant is not amenable to the jurisdiction of any state's courts but (B) where the exercise of jurisdiction would not violate the federal constitution and laws."[3]  In such circumstances, the appropriate personal jurisdiction analysis concerns a defendant's minimum contacts "with the United States writ large," not a defendant's contacts with the federal district.[4]

Roesch does not assert that Korean Air is subject to general personal jurisdiction, so the Court considers whether it has specific personal jurisdiction.[5]

> This circuit applies a three-step analysis for the specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting

---

[1] Doc. 24-1 at 18.

[2] *Hardy v. Scandinavian Airlines Sys.*, 117 F.4th 252, 263 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1308 (2025) (cleaned up).

[3] *Hardy*, 117 F.4th at 263 (emphasis in original).

[4] *Id.* at 263.

[5] *Id.* at 265.

activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. If a plaintiff establishes the first two prongs, the burden shifts to the defendant to show that the exercise of personal jurisdiction would be unfair or unreasonable.[6]

Where a party moves to dismiss a complaint under Rule 12(b)(2) and the court rules on personal jurisdiction without a hearing, the plaintiff must make a *prima facie* showing of jurisdiction.[7] The Court "must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction."[8]

### III. Analysis

To start, the Court addresses Roesch's motion for leave to amend. Korean Air argues amendment is futile and is the product of undue delay. It isn't futile for the reasons explained below. And the months-long delay was largely caused by Korean Air's delay in filing its motion to dismiss. Accordingly, the Court **GRANTS** Roesch leave and treats the motion to dismiss as applied to its amended complaint.

The parties do not dispute that Roesch's federal claim arises under the Montreal Convention—a treaty to which the United States is a party and which applies to all international air carriage within the meaning of Article 1.[9] Roesch served Korean Air, and Korean Air has not conceded jurisdiction in any court. Therefore, the Court continues its analysis under the Rule 4(k)(2) framework.

---

[6] *Hardy*, 117 F.4th at 265 (cleaned up).

[7] *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020).

[8] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

[9] *Hardy*, 117 F.4th at 267; Convention for the Unification of Certain Rules for International Carriage by Air, art. 1, May 28, 1999, S. Treaty Doc. 106-45, 1999 WL 333292734 ("Montreal Convention").

In *Hardy*, the Fifth Circuit considered whether Scandinavian Airlines had minimum contacts with the United States.[10] The Fifth Circuit held that Scandinavian Airlines had minimum contacts with the United States because, among other activities, Scandinavian Airlines (1) flew into/out of seven metro areas in the United States, (2) advertised to American consumers, (3) participated in the United Airlines Star Alliance, (4) owned and operated a subsidiary in the United States, (5) sold tickets online across the United States, and (6) was regulated by the Federal Aviation Administration.[11]

Here, Korean Air's contacts with the United States exceed those of Scandinavian Airlines. Korean Air (1) operates around 163 weekly flights throughout the United States,[12] (2) advertises in the United States,[13] (3) participates in Delta Airlines's SkyTeam Alliance,[14] (4) codeshares[15] with United States air carriers,[16] (5) uses travel agents to reach consumers in the United States,[17] (6) is subject to Federal Aviation Administration regulations,[18] and (7) operates and staffs offices throughout the United States.[19]

---

[10] *Hardy*, 117 F.4th at 265–66.
[11] *Id*.
[12] Doc. 24-1 at 4.
[13] Doc. 24-1 at 4.
[14] Doc. 24-1 at 8.
[15] This is when one airline operates the airplane and another airline sells seats on the flight.
[16] Doc. 24-1 at 8.
[17] Doc. 24-1 at 4.
[18] Doc. 24-1 at 8.
[19] Doc. 24-1 at 7–8.

4

Next, Roesch's claim against Korean Air arises out of and results from Korean Air's United States contacts. "[Roesch] must provide a *prima facie* showing of a connection between [Korean Air]'s actions in the United States and her injury."[20] The Court first considers causation, but, if none is found, the Court may "contemplate that some relationships will support jurisdiction without a causal showing."[21] Roesch's injuries occurred during a regular Korean Air flight that Roesch booked through one of Korean Air's partner travel agencies. Altogether, "[Korean Air]'s purposeful contacts in the U.S." pertained to the international carriage of American passengers aboard its aircrafts and "combined to create an unbroken causal chain."[22] Thus, Roesch's claim arises out of Korean Air's minimum contacts with the United States.

Finally, the Court considers the fairness and reasonableness of personal jurisdiction. Because "[Roesch] has met her *prima facie* burden on the first two factors, [Korean Air] must prove the unfairness of the exercise of personal jurisdiction."[23] To ensure that personal jurisdiction here would not offend traditional notions of fair play and substantial justice, the Court weighs "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient

---

[20] *Hardy*, 117 F.4th at 266.

[21] *Id.* (cleaned up).

[22] *Id.*

[23] *Id.* at 267.

5

administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies."[24]

As to the first and most important factor, there is a weighty burden on Korean Air because it is organized in the South Korea, Roesch's injury occurred in the Philippines, and witnesses and evidence will be in the Philippines or in the South Korea. However, "that [Korean Air] is an international airline suggests it may be better able than many other defendants to mitigate the burden of litigating this case in the United States."[25]

The second factor counters the first. "The United States has a weighty interest in the dispute because [Roesch] is an injured American citizen and resident, and her claim arises under a treaty to which the United States is a signatory. Further, . . . her flight took off from the United States."[26] The third factor, Roesch's interest, weighs heavily in favor of maintaining the case in the United States: Roesch has a "vested interest in being able to pursue her claim in the forum she has chosen, one where she will not be unduly inconvenienced if she wishes to attend any of the proceedings and where some of her experts may be more readily available."[27]

The record in this case does not clearly establish the fourth and fifth factors. Because American courts' familiarity with personal injury cases, we presume our

---

[24] *Id.* (cleaned up).

[25] *Id.*

[26] *Id.*

[27] *Id.* at 268.

courts will be efficient and competent.[28]  The record lacks evidence as to the South Korea's judicial efficiency or competence.  Similarly, the impact on social policies of the United States and the South Korea is unclear.  While most of the evidence and many witnesses are in the South Korea or the Philippines, the second and third factors weigh in favor of fairness and reasonableness and outweigh the first factor.  Korean Air has failed to establish how personal jurisdiction over Korean Air in this case offends traditional notions of fair play and substantial justice.  Roesch's pleadings contain sufficient factual allegations to support this Court's specific personal jurisdiction over Korean Air.

## IV. Conclusion

This Court has found sufficient facts to assume specific personal jurisdiction.  The Court **GRANTS** Roesch's motion for leave to amend and **DENIES** Korean Air's motion to dismiss.  The Court **INSTRUCTS** the Clerk to docket Doc. 24-1 as a separate entry.

**IT IS SO ORDERED** this 1st day of August, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[28] *Id.*